IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KRIS K. AGRAWAL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COURTS OF OKLAHOMA )<br>and RICHARD V. OGDEN, )<br>)<br>Defendants. ) | Case No. CIV-18-396-D |

# ORDER

Kris Agrawal, proceeding pro se,[1] filed the present suit alleging violations of his civil rights related to a wage claim and collection action in the District Court of Oklahoma County, Oklahoma, which is currently presided over by Defendant, Judge Richard Ogden. Before the Court is Defendant's Motion to Dismiss [Doc. No. 7], to which Plaintiff has filed his response in opposition [Doc. No. 10]. The matter is fully briefed and at issue.

## BACKGROUND

The underlying facts of this case are not foreign to the Court. On two prior occasions (*Agrawal v. Oklahoma Dep't of Labor*, No. CIV-16-3-D and *Agrawal v. Ogden, et al.*, CIV-17-1364-D), the Court has had an opportunity to review the

---

[1] Because Plaintiff appears pro se, the Court liberally construes his submissions, but will not act as his advocate in constructing his arguments and searching the record. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

factual and procedural history leading to the present dispute. Stated briefly, Christopher Holland filed a wage claim in the Oklahoma Department of Labor (ODOL) against Plaintiff seeking payment of unpaid wages. The administrative law judge (ALJ) assigned to the case found for Holland and entered judgment in his favor. The ALJ's decision was subsequently reviewed and affirmed by the Oklahoma Supreme Court. *See Agrawal v. Oklahoma Dep't of Labor*, 2015 OK 67, 364 P.3d 618. In both federal cases, the Court dismissed each action on the basis that the *Rooker-Feldman* doctrine prevented review of Plaintiff's claims, since both actions unquestionably sought federal review and rejection of the Oklahoma Supreme Court's decision affirming the Department of Labor's award of unpaid wages to Holland. *See Agrawal v. Ogden*, No. CIV-17-1364-D, 2018 WL 1370616, at *2 (W.D. Okla. Mar. 16, 2018); *Agrawal v. Oklahoma Dep't of Labor*, No. CIV-16-3-D, 2016 WL 7324089, at *2 (W.D. Okla. Dec. 15, 2016).

Mr. Agrawal's current action alleges that Judge Ogden violated his due process rights by presiding over a state court action (*Agrawal, et al. v. Oklahoma Dep't of Labor, et al.*, No. CJ-2010-5857) in "violation" of an automatic stay and refusing to disqualify himself upon request.[2] In his prayer for relief, Plaintiff asks

---

[2] The Court has taken judicial notice of these proceedings, which derive from Agrawal's "Petition for Review and Appeal of Oklahoma Department of Labor Order." In that action, Agrawal again challenges the ODOL's wage award to Holland, alleging that certain orders entered by the ODOL were "based upon perjury of Chris Holland" and were in violation of "both due process and the rules and

2

that "[if] this Court [finds] Judge Ogden violated [Plaintiff's] due process rights … he should have been disqualified." Compl. ¶ 13. Pursuant to Rule 12(b)(1) and (6), Federal Rules of Civil Procedure, Judge Ogden moves to dismiss Plaintiff's action on the basis that (1) he enjoys absolute immunity from suit; (2) Plaintiff has not set forth the requisite showing for an injunction; and (3) declaratory relief is unavailable.

## STANDARD OF DECISION

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n. 4 (10th Cir. 2015). A facial attack questions the sufficiency of the complaint's allegations. *Id*. In reviewing a facial attack, a district court must accept the allegations in the complaint as true. *Id.* In a factual attack, the moving party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. *Id*. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. *Id*. Instead, the court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed

---

procedures of the Oklahoma Department of Labor." *See* Petition at 1. Recently, the Oklahoma Supreme Court declined to assume original jurisdiction over Agrawal's request that Judge Ogden disqualify himself. *See Agrawal v. Ogden*, No. 116, 832 (Okla. Apr. 16, 2018).

jurisdictional facts. *Id*. Here, Judge Ogden's allegations constitute a factual attack because they challenge the facts upon which Agrawal bases subject matter jurisdiction.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). Under this standard, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 10th Cir. 2007) (emphasis in original)).

## DISCUSSION

Even assuming the veracity of Plaintiff's allegations, judges have absolute judicial immunity for acts taken in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 360 (1978). This doctrine has only two exceptions. "First, a judge is not immune from liability for ... actions not taken in the judge's judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Id*. at 12. To

this end, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356-57. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Id.* at 356.

Here, Agrawal has not set forth any facts suggesting Judge Ogden did not act in his judicial capacity. He asserts in his complaint Judge Ogden "disregarded the Bankruptcy Law, like all other Judges in the State of Oklahoma." Compl. ¶ 3. Agrawal also alleges bias and unconstitutional deprivation of his rights to due process; but given the standard of proof required to negate a judicial immunity defense, the Court cannot say Plaintiff has pled sufficient facts to show Judge Ogden took action "in complete absence of all jurisdiction." Having found dismissal appropriate on this basis, the Court declines to consider Defendant's remaining arguments.

Moreover, upon reviewing the Complaint, the Court finds *sua sponte* Agrawal has not shown any basis for proceeding against the "Courts of Oklahoma" since (1) the Oklahoma courts are not suable entities, (2) Oklahoma courts constitute "arms of the state" and are shielded by Eleventh Amendment immunity, and/or (3) Oklahoma district courts are sub-entities of their respective counties, and Plaintiff has not shown that the execution of the policies or customs of any county deprived him of any rights under the Constitution or laws of the United States. *See Hines v.*

*Oklahoma*, No. CIV-07-197-R, 2007 WL 3046458, at *18 (W.D. Okla. Oct. 17, 2007) (dismissing suit against, *inter alia*, the Oklahoma Seventh Judicial District Court and Oklahoma Court of Criminal Appeals for aforementioned reasons); *compare Jones v. 7th Judicial Dist. Court*, No. 6:06cv214, 2006 WL 2385287, at *3 (E.D. Tex. Aug. 17, 2006) ("The 'court system' as a whole, like the individual courts, is not a suable entity in its own name.") (citation omitted); *Emmerick v. Wisconsin*, No. 11-cv-860, 2012 WL 1135930, at *2 (W.D. Wisc. Apr. 4, 2012) (finding no authority holding a county court may be sued as a separate entity); *J.B. v. Washington County*, 127 F.3d 919, 923 (10th Cir. 1997) (party seeking to impose civil rights liability on county must identify a policy or custom that caused the plaintiff's injury). Accordingly, the Court dismisses the Complaint in this regard as well.

Accordingly, Defendant's Motion to Dismiss is **GRANTED** as set forth herein. A judgment shall be issued forthwith.

**IT IS SO ORDERED** this 9th day of July 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE