# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KRIS K. AGRAWAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-396-D |
| | ) |
| COURTS OF OKLAHOMA | ) |
| and RICHARD V. OGDEN, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On July 9, 2018, the Court granted Defendant Judge Richard Ogden's Motion to Dismiss, finding that Defendant was entitled to judicial immunity for the conduct alleged in Plaintiff's Complaint [Doc. No. 11]. Plaintiff now moves the Court to reconsider its decision. Because Plaintiff appears pro se, the Court liberally construes his motion. *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servant of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. (citation omitted). A motion for reconsideration is an

inappropriate vehicle "to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete*, 204 F.3d at 1012 (citation omitted).

Here, Plaintiff's motion does what Tenth Circuit precedent prohibits; he repackages his prior arguments challenging the dismissal of his action and presents additional arguments that have no relevance to the instant proceedings. Plaintiff has presented no grounds that warrant reconsideration of the subject order and the Court finds his Motion to Reconsider [Doc. No. 13] should be **DENIED**.

**IT IS SO ORDERED** this 27th day of July 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE